MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile: (510) 637-3724
    E-Mail: michelle.kane3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-00821 DLJ |
| ) | |
| Plaintiff, ) | UNITED STATES' SUPPLEMENTAL |
| ) | SENTENCING MEMORANDUM |
| v. ) | REGARDING RESTITUTION |
| ) | |
| JOSEPH DEPANTE and, ) | Hearing Date: October 11, 2012 |
| MATTHEW DEPANTE, ) | Hearing time: 10:00 am |
| ) | |
| Defendants. ) | |
| ) | |

    Defendants Joseph Depante and Matthew Depante were sentenced by this Court on July 12, 2012. At that time, the Court set a restitution hearing for October 11, 2012, in accordance with 18 U.S.C. § 3664(d)(5). The United States therefore submits this supplemental memorandum regarding the issue of restitution.

    Following the sentencing hearing, on July 17, 2012, the United States solicited additional requests for restitution from the victims in this matter and asked that victims submit any such requests by September 3, 2012. As of the date of this filing, the United States has received only the request of victim D.K. D.K. requests restitution in the amount of his or her attorney's fees of

$4,564 related to the investigation and prosecution of this matter. The government will submit D.K.'s Victim Impact Statement and supporting documentation for the Court's *in camera* review.

The government requests that the Court award D.K. restitution under 18 U.S.C. §3663(a). Pursuant to 18 U.S.C. § 3663(b)(4), restitution is available here because D.K. incurred expenses "related to participation in the investigation or prosecution of the offense." In *United States v. Cummings,* 281 F.3d 1046 (9th Cir. 2002), the Court upheld an award of attorneys' fees pursuant to section 3663(b)(4) as restitution in a criminal prosecution for violation of the International Parental Kidnapping Crime Act. The attorneys' fees had been incurred in related civil suits for return of the child.

In the present matter, D.K.'s attorneys' fees were incurred in connection with (1) a related legal dispute with Hewlett-Packard, which, as described in the defendants' Plea Agreements, provided the personal information for subjects of the defendants' unlawful investigations, and (2) the government's investigation of defendants' conduct. As noted in *Cummings*, section 3663(b)(4), enacted in 1994, was intended to "broaden the opportunity for victims' recovery" over the previous version of the statute. 281 F.3d at 1053.

Pursuant to 18 U.S.C. § 3663(a)(1)(B)(i)(I), a restitution award is appropriate in this case given the financial loss to D.K. in the form of attorneys' fees, which D.K. would not have incurred absent defendants' conduct. D.K. is one of the victims that the defendants specified in their Plea Agreements as having been subject to "pretexting" by defendants' company, ARG.

Pursuant to section 3663(a)(1)(B)(i)(II), this Court can consider the financial resources of the defendants in determining whether to award restitution. The government directs the Court to Paragraphs 79-83 of Joseph Depante's Presentence Report and Paragraphs 86-89 of Matthew Depante's Presentence Report. These paragraphs describe the defendants' financial condition. Although no fine was imposed, the defendants should be able to pay the requested restitution on an appropriate payment plan.

The government has provided D.K.'s request to defendants' counsel and to Probation Officer Karen Mar. If the parties are able to reach an agreement as to a restitution award prior to the hearing, the government will notify the Court of the proposed resolution.

For all of these reasons, the government respectfully requests that the Court award D.K. restitution in the amount of $4,564.

DATED: October 4, 2012

Respectfully submitted,
MELINDA HAAG
United States Attorney

_____/s/_____
MICHELLE J. KANE
Assistant United States Attorney